IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JOSE ANTONIO GONCALVES : <br> 411 Rockledge Avenue : <br> Huntington Valley, PA 19006 : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AJC CONSTRUCTION INC. : <br> 402 Lower State Road : <br> North Wales, PA 19454; AND : <br> : <br> ANTONIO COELHO : <br> 402 Lower State Road : <br> North Wales, PA 19454 : <br> : <br> Defendants. : | CIVIL NO.: _____ <br><br> **JURY TRIAL DEMANDED** |

---

## COMPLAINT – CIVIL ACTION

Plaintiff Jose Antonio Goncalves ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, AJC Construction Inc. ("AJC") and Defendant Antonio Coelho ("Coelho") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this Complaint contending that Defendants have improperly failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq*.  Specifically, Plaintiff contends that Defendants unlawfully misclassified him as exempt from overtime compensation under the FLSA/PMWA, thus failing to pay him overtime compensation for all hours worked over forty (40) in a workweek.

## PARTIES

2. Plaintiff Jose Antonio Goncalves resides at 411 Rockledge Avenue, Huntington Valley, PA 19006.

3. Defendant AJC Construction Inc. is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an office address registered with the Pennsylvania Secretary of State of 766 Jackson Avenue, Glenside, PA 19038, and a principal place of business within this judicial district at 402 Lower State Road, North Wales, PA 19454.

4. Upon information and belief, Antonio Coelho is and, at all times relevant hereto, was the owner, principal, and President of Defendant AJC Construction Inc.

5. Upon information and belief, Defendant Coelho maintains, and/or at all times relevant to the allegations contained herein, maintained operational control over Defendant AJC, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant AJC, including, but not limited to, Plaintiff.

6. Defendants are employers covered by the FLSA.

7. Upon information and belief, Defendant Coelho was an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over significant aspects of Defendant AJC's day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, was ultimately responsible for ensuring Defendant AJC's compliance with the FLSA and PMWA, and was directly involved with the decision-making process with respect to Plaintiff's hiring, management, and compensation.

8. Defendant AJC is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

9. During the course of his employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA.

10. Plaintiff was employed by Defendants during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

11. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

12. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

13. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his FLSA claims.

15. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. Plaintiff began his employment with Defendants in or around 1999 in the position of Laborer/Mason.

18. In that capacity, Plaintiff's primary job responsibility was to perform masonry work at Defendant's various job sites throughout southeastern Pennsylvania, including in Norristown, Doylestown, Bensalem, and Lansdale.

19. Plaintiff typically worked with a team of four (4) or five (5) laborers, who would assist him in the performance of manual labor.

20. Plaintiff performed his job duties pursuant to specific guidelines, timetables, and instructions provided by Defendants, who determined the timing and manner by which he performed his work.

21. Although Plaintiff was expected to utilize and work in concert with a crew of laborers on the majority of the worksites to which he was assigned, he spent the vast majority of his time performing his own manual labor for Defendants.

22. In undertaking these tasks, Plaintiff did not have the authority to formulate, implement, or otherwise deviate from Defendants' pre-established policies or operating practices, but instead performed his job duties subject to specific instructions and/or guidelines provided by Defendants.

23. Plaintiff's primary job duties did not include the performance of non-manual or office work requiring advance knowledge and the consistent exercise of discretion and judgment.

24. Plaintiff did not have the authority to commit Defendants in matters having significant financial impact, nor did he have the authority to negotiate or otherwise bind Defendants with respect to matters of significance.

25. Accordingly, Plaintiff did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA.

26. Moreover, Plaintiff's primary job duties were non-managerial in nature, and he did not have the authority to hire or fire other employees of Defendants, nor did he make any suggestions or recommendations regarding hiring or employee status changes to which Defendants gave significant weight.

27. Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/PMWA.

28. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

29. From October 2018 until his separation from employment on or around June 30, 2021, Plaintiff generally worked approximately fifty (50) hours per week, Monday through Saturday.

30. By way of example, during the workweek of April 12, 2021 to April 18, 2021, Plaintiff worked approximately fifty-two and a half (52.5) hours, for a total of approximately twelve and a half (12.5) hours of overtime for which he received no compensation.

31. Defendants had knowledge that Plaintiff was working well beyond forty (40) hours per week without receiving overtime compensation.

32. Despite the fact that Plaintiff thus worked significantly in excess of forty (40) hours per week, Plaintiff did not receive any compensation and/or overtime compensation for

work performed in excess of forty (40) hours per week.  Rather, Plaintiff was paid the same salary regardless of the number of hours he actually worked.

33. Defendants classified Plaintiff as "exempt" under the FLSA and PMWA, and therefore determined that Plaintiff was not entitled to overtime compensation.

34. Defendants willfully misclassified Plaintiff as "exempt."  Plaintiff was not exempt from receiving overtime compensation.

35. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants.

36. Defendants failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week.

37. As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

40. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

41. According to the policies and practices of Defendants, Plaintiff was required to work in excess of forty (40) hours per week.  Despite working in excess of forty (40) hours per

week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. In fact, Plaintiff was only paid the same weekly salary, regardless of the number of hours actually worked.

42. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

43. Defendants' actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

44. Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

47. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

48. By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

49. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

    C.    An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    /s/ Michael Groh
Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: October 21, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.