# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between Jose Antonio Goncalves ("Goncalves"), on the one hand, and AJC Construction Inc. ("AJC") and Antonio Coelho ("Coelho") (collectively, "Defendants"), on the other hand.  Goncalves and Defendants shall collectively be referred to as the "Parties."

**WHEREAS**, on or around October 21, 2021, Goncalves commenced a lawsuit against Defendants which is currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 21-cv-04631-CDJ (the "Lawsuit");

**WHEREAS**, the Lawsuit involves claims by Goncalves related to his employment with Defendant, including, *inter alia*, that Defendants misclassified him as "exempt" and thus failed to pay him overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

**WHEREAS**, Defendants deny the allegations in the Lawsuit and deny that they are liable for any claims alleged by Goncalves; and

**WHEREAS**, the Parties mutually desire to fully and finally settle all differences;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, and to avoid the risk, inconvenience and expense of litigation, and without any admission of fault or liability on the part of the Parties;

**IT IS HEREBY AGREED** by and between the Parties as follows:

1.  **Consideration.**   In consideration for Goncalves' agreement to all the terms, conditions, and promises in this Agreement and his agreement to dismiss the Lawsuit with prejudice (subject to the stipulations contained herein with respect to obtaining court approval of this Agreement), Defendants shall pay Goncalves the total amount of Forty-Five Thousand Dollars ($45,000.00) ("Settlement Amount"), inclusive of all costs and attorneys' fees incurred, in full and final settlement of the Lawsuit and all claims related thereto.  The Settlement Payment shall be paid as follows:

   a.   Defendants shall, as soon as reasonably practicable, but in no event later than thirty (30) days following Goncalves' execution of this Agreement, or fourteen (14) days following the entering of a Court Order approving this Agreement and dismissing the Action, whichever occurs later, deliver, or cause to be delivered to Goncalves' attorneys, Murphy Law Group, LLC, three (3) checks in the total amount of Forty-Five Thousand Dollars ($45,000.00), distributed in the manner described herein:

   i.   One check, made payable to Jose Antonio Goncalves, in the amount of Fourteen Thousand Four Hundred Twenty-Four Dollars and Zero Cents ($14,424.00), representing alleged unpaid overtime compensation, less appropriate withholdings and/or payroll deductions, for which Defendants will issue an IRS Form W-2 to Goncalves;

ii. One check, made payable to Jose Antonio Goncalves, in the amount of Fourteen Thousand Four Hundred Twenty-Four Dollars and Zero Cents ($14,424.00), representing alleged liquidated damages, which shall not be subject to tax withholdings or payroll deductions, for which Defendants will issue an IRS Form 1099 to Goncalves; and

iii. One check, made payable to Murphy Law Group, LLC, in the amount of Sixteen Thousand One Hundred and Fifty-Two Dollars ($16,152.00), representing attorneys' fees and costs, which shall not be subject to tax withholding or payroll deductions, for which Defendants will issue an IRS Form 1099 to Murphy Law Group, LLC.

b. For the avoidance of confusion, Defendants, and not Goncalves, shall be responsible for payment of the employer's share of any applicable payroll taxes (including, but not limited to FICA contributions), with respect to the payment identified in Section 1(a)(i). Goncalves and Murphy Law Group shall be responsible for all federal, state or local taxes, interest and penalties that may be due on account of their respective settlement payments made pursuant to this Agreement, except for those taxes required to be paid by Defendants. To the extent any part of the settlement payment to Goncalves is subsequently deemed by any governmental entity to be taxable income or wage related income to Goncalves, then, in that event, Goncalves shall indemnify and hold harmless Defendants of and from any liability for taxes, interest or penalties asserted by any federal, state or local taxing authorities against Defendants arising out of Goncalves' failure to pay any legally required taxes or to properly report this income, except for any applicable standard employer FICA and FUTA matching taxes typically paid by an employer. Goncalves acknowledges that neither Defendants nor any of their attorneys have provided any tax advice to Plaintiff.

2. **Order of Court Approval.** Upon execution of this Agreement, the Parties will present this Agreement to the Court for its approval. The Parties agree to cooperate with one another in the preparation of any motions paperwork which may be necessary to obtain Court approval of this Agreement, although it is understood and agreed that Goncalves shall bear the primary responsibility for drafting the Motion for Approval and accompanying documents. In the event the Court fails to approve the Agreement and enter an order of dismissal of the Lawsuit in accordance with this Agreement, the parties shall meet and confer to discuss the Parties' next course of action.

3. **Wage & Hour Release and Covenant Not to Sue by Goncalves.** Goncalves agrees that he shall irrevocably and unconditionally release, acquit and forever discharge Defendants and AJC's owners, employees, parents, subsidiaries, members, managers, officers, directors, insurers, and attorneys with respect to all any and all wage and hour-related claims, known and unknown to him, with the exception of Defendants' obligations to Goncalves under this Agreement, including any wage and hour claims under state or federal law relating to his employment by or provision of services to Defendants including, without limitation, the failure to pay wages, back wages, overtime, minimum wages, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state or local wage and hour laws, including, but not limited to the Fair Labor Standards Act, the

Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law. Goncalves agrees that he shall not commence or prosecute, either in concert or individually, any action or proceeding, whether legal, administrative, judicial, or quasi-judicial, on behalf of himself or any other person or entity, asserting any claims released pursuant to this paragraph against Defendants.  This release and waiver does not apply to Goncalves' right to enforce this Agreement, nor does it apply to claims that may arise after Goncalves executes this Agreement, or which cannot be released by private agreement.

4. **Non-Admission.**  This Agreement does not constitute an admission of any liability or wrongdoing by Defendants.  Goncalves and Defendants further agree that this Agreement shall not be admissible in any proceeding (except as may be necessary to obtain court approval of the settlement agreement, without the written consent of the Parties or unless ordered by a court of competent jurisdiction), except one instituted by either Party alleging a breach of this Agreement.

5. **Representation by Counsel.**  Goncalves and Defendants acknowledge and represent that they have had the opportunity to thoroughly discuss all aspects of this Agreement with their attorneys, that they have carefully read and fully understand all the provisions of the Agreement, and that they are voluntarily entering into this Agreement.

6. **Limited Confidentiality.**     The Parties agree that they will not issue any press release, answer any press inquiries, or make any website or public social media postings (including, but not limited to, blog posts, Facebook postings, and the like) regarding the terms of this Agreement or any portion thereof, provided that any inquiry regarding the Lawsuit may be answered by confirming the matter was settled by a written agreement approved by the Court.  Nothing in the foregoing prohibits the Parties from submitting court filings necessary to seek Court approval of this Agreement.

7. **Mutual Non-Disparagement:** The Plaintiff and the Defendants agree that neither party will make or cause to be made any statements, whether oral or written, which disparage Plaintiff or Defendants in their business, professional or personal dealings.

8. **No Rehire**.  Plaintiff stipulates he will not seek employment with AJC Construction Inc. at any time in the future.

9. **Neutral Reference.**   Defendants agree that they will respond to all inquiries made by potential employers concerning Goncalves by providing only a neutral reference consisting of dates of employment and position held, and by stating that it is company policy not to provide any additional information regarding prior employees.

10. **Choice of Law and Forum.**  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law.  The parties consent and stipulate to the personal jurisdiction of the state and federal courts of Pennsylvania in any subsequent proceeding to enforce this Agreement.

11. **Enforcement.**  The Parties understand and agree that the Court shall have

continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.  In the event of a material breach of any provision of this Agreement, either party may seek court enforcement of this Agreement and/or seek any damages for breach and the prevailing party shall be entitled to an award of reasonable attorneys' fees and expenses.

       **12.**    **Invalidity.**  Should any provisions of this Agreement be declared to be illegal, invalid, or unenforceable, or should be denied approval by the Court in the course of the Parties' anticipated filing for approval of the Agreement, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be part of this Agreement, except that if the release and waiver set forth in Paragraph 3 of this Agreement is deemed invalid, Goncalves will be required to return any and all monies paid under this Agreement.

       **13.**    **Counterparts and Electronic Signatures.**  This Agreement may be executed in counterparts, each of which shall constitute an original and which together shall constitute a single instrument; in addition, any facsimile or PDF copy of any party's executed counterpart of this Agreement (or its signature page thereof) shall be deemed to be an executed original thereof. Electronic signatures are permitted and shall be deemed as enforceable as wet signatures or facsimiles thereof.

       **14.**    **Integration.**   This Agreement sets forth the entire agreement between Goncalves and Defendants, and fully supersedes any prior or contemporaneous agreements or understandings between the Parties.

       **15.**    **Successors and Assignment.**  This Agreement shall be binding upon and inure to the benefits of the Parties hereto and their respective heirs, administrators, executors, and assigns.  Neither this Agreement nor any right or interest hereunder shall be assignable by Goncalves or Defendants without prior written consent of an authorized agent of the other party.

       **16.**    **Amendment.**  The parties acknowledge that this Agreement cannot be altered, modified or otherwise changed except by a writing signed by all parties to the Agreement.  This Agreement is five (5) pages in length.

       **17.**    **Headings.**  The headings of sections and paragraphs herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

       **18.**    **Neutral Construction.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

*[Remainder of page intentionally left blank;
signature page to follow.]*

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

JOSE ANTONIO GONCALVES

_____          03/23/22
Jose Antonio Goncalves                   Date

AJC CONSTRUCTION INC.

By: _____       _____
                                         Date
    Name: _____

    Title: _____

ANTONIO COELHO

_____          _____
Antonio Coelho                           Date

*[Remainder of page intentionally left blank; signature page to follow.]*

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

JOSE ANTONIO GONCALVES

_____          _____
Jose Antonio Goncalves                                        Date

AJC CONSTRUCTION INC.

By: _____          3/24/2022
Name: Steven Coelho                                            Date

Title: President

ANTONIO COELHO

*Antonio J Coelho*
_____          _____
Antonio Coelho                                                     Date

{PH811181.1}                                              5

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JOSE ANTONIO GONCALVES : | |
| : | CIVIL ACTION NO.: 21-04631-CDJ |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| AJC CONSTRUCTION INC., *et al.* : | |
| : | |
| Defendant. : | |

---

## **DECLARATION OF MICHAEL GROH, ESQ.**

I, Michael Groh, hereby state, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following facts are true and correct:

1. I am an Associate Attorney with the Murphy Law Group, LLC ("MLG"), Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, and represent Plaintiff Jose Antonio Goncalves in the above-captioned action.

2. I submit this declaration in order to apprise the Court of: (i) my qualifications and the hourly rate sought in this FLSA lawsuit; and (ii) the total hours expended by MLG in connection with this litigation. All information is current up to and until March 29, 2022.

## **ATTORNEY QUALIFICATIONS AND FEE RATES**

3. I graduated from the George Washington University Law School in 2013, where I served on the GW Moot Court Board and Public Contract Law Journal (as a published member), and have practiced law within the Greater Philadelphia Area for eight (8) years.

4. I am admitted and in good standing with the bars of the Supreme Courts of Pennsylvania and New Jersey, the New York Court of Appeals (inactive), and the United States District Courts for the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Western District of Pennsylvania, and the District of New Jersey.

5. I practice exclusively in the area of employment law and regularly litigate federal court matters, including class and collective actions pursuant to the Fair Labor Standards Act ("FLSA") and similar state wage/overtime laws, such as the Pennsylvania Minimum Wage Act ("PMWA"). I am experienced with the practice of employment law in Philadelphia (as to agencies and in state and federal fora), and the majority of my cases are litigated in the Eastern District of Pennsylvania.

6. Since joining MLG in March 2014, I have participated in the litigation and resolution of approximately one hundred individual and/or collective/class action lawsuits arising under federal and state wage and hour laws.

7. In individual and collective/class action lawsuits litigated in Pennsylvania under the Fair Labor Standards Act, such as the case at bar, MLG uses the following rates: $295.00/hour for Mr. Groh.

### Hours Spent by MLG and the Resulting Fee Lodestar

8. MLG attorneys use the firm's case management system to record each case-related activity and accurately document the amount of time spent performing said activity.

9. As of March 29, 2022, the attorney time spent on this litigation by MLG totaled **22.92 hours**, resulting in a total fee lodestar of approximately **$6,761.40.**

10. MLG has also incurred costs and expenses totaling $402.00, representing the filing fee for Plaintiff's complaint.

**I HEREBY DECLARE, SUBJECT TO PENALTY OF PERJURY, THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.**

Date:  March 29, 2022     /s/ Michael Groh
                          Michael Groh, Esq.

3

        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        mgroh@phillyemploymentlawyer.com
        *Attorney for Plaintiff*

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JOSE ANTONIO GONCALVES : | |
| : | CIVIL ACTION NO.: 21-04631-CDJ |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| AJC CONSTRUCTION INC., *et al.* : | |
| : | |
| Defendants. : | |

---

**ORDER**

**AND NOW**, this ____ day of _____ 2022, after considering Plaintiff's Unopposed Motion to Approve Settlement Agreement (ECF No. ___), and finding that the settlement reached between the parties represents a fair, reasonable, and adequate resolution of Plaintiff's claims against Defendants, it is hereby **ORDERED** that:

1. Plaintiff's Unopposed Motion to Approve Settlement Agreement (ECF No. ___) is **GRANTED**;

2. The Settlement is **APPROVED**;

3. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** under Local Rule 41.1(b); and

4. The Clerk of Court is directed to **MARK THIS CASE CLOSED** for statistical purposes**.**

**AND IT IS SO ORDERED.**

                                                  _____
                                                  **C. DARNELL JONES II, J.**