IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANTONIO GONCALVES, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: 21-cv-04631 |
| | : | |
| AJC CONSTRUCTION INC., and | : | |
| ANTONIO COELHO, | : | |
| Defendants. | : | |

MEMORANDUM

LYNNE A. SITARSKI
U. S. MAGISTRATE JUDGE                                                                                              July 28, 2022

Presently before the Court is Plaintiff's Unopposed Motion for Approval of Settlement under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). (Mot. for Approval of Sett., ECF No. 10).[1] For the reasons set forth below, the motion is GRANTED and the settlement is approved.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Defendants performing masonry work from 1999 to June 30, 2021. (Compl., ECF No. 1, at ¶¶ 17, 29). Defendants classified Plaintiff as "exempt" under the FLSA and PMWA and thus not entitled to overtime compensation. (*Id.* at ¶ 33). However, Plaintiff maintains that his job duties as a masonry worker did qualify him for any exemption under the FLSA or PMWA. (*Id.* at ¶¶ 20-28). He further avers that he was paid only for 40

---

[1] The Honorable C. Darnell Jones, II, referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 11).

hours each week although Defendants knew that he normally worked approximately 50 hours each week. (*Id.* at ¶¶ 29-32). Plaintiff asserts that he is entitled to pay for each hour worked in excess of 40 hours at a rate equal to one and one-half times the regular rate of pay. (*Id.* at ¶ 36). Defendants deny Plaintiff's claims. (Answer, ECF No. 7).

On October 21, 2021, Plaintiff filed a complaint against Defendants. (Compl., ECF No. 1). Plaintiff alleges Defendants did not pay Plaintiff overtime pay to which he was entitled under the FLSA and PMWA because Defendant misclassified Plaintiff as exempt from overtime pay even though he was not an administrative, professional, executive or other qualifying employee. (*Id.* at ¶¶ 25, 27-28).

On March 23 and 24, 2022, the parties executed a Settlement Agreement and Release (Settlement Agreement) in regard to the matter. (Sett. Agmt. & Release, ECF No. 10-2, at 6-7). Plaintiff subsequently filed the instant Unopposed Motion for Approval of Settlement, attaching a copy of the Settlement Agreement. (Mot. for Approval of Sett., ECF No. 10).

## II.   TERMS OF THE SETTLEMENT

The parties proposed agreement provides that Defendants will pay a total of $45,000 to Plaintiff and Plaintiff's counsel. (Sett. Agmt. & Release, ECF No. 10-2, at 6). The Settlement Agreement contemplates that Plaintiff will receive a total of $28,848, representing $14,424 in overtime pay and an equal amount in liquidated damages, and Plaintiff's counsel will receive $16,152 in attorney's fees and case expenses. (*Id.* at 1-2). In exchange, Plaintiff agrees to release Defendants from any FLSA and state and federal wage and hour claims related to his employment with Defendants. (*Id.* at 3-4).

**III.    LEGAL STANDARD**

The FLSA institutes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). When employers violate the FLSA guarantees, codified at 29 U.S.C. Sections 206 and 207, employers may be liable to employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id*. (citing 29 U.S.C. § 216(b)).

FLSA claims may be settled by employees in two ways: (1) supervision by the Secretary of the Department of Labor, pursuant to 20 U.S.C. § 216(c), or (2) approval by the district court, pursuant to 29 U.S.C. § 216(b). *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Third Circuit has not articulated a standard for analyzing FLSA settlements, but district courts routinely look to the *Lynn's Food Stores* standard when a party seeks judicial approval of an FLSA settlement. *See, e.g., Howard v. Phila. Hous.. Auth.*, 197 F.Supp.3d 773, 776 (E.D. Pa. 2016) (court applied *Lynn's Food* standard); *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754, at *3-5 (M.D. Pa. 2015) (same); *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. 2015).

Under the *Lynn's Food* standard, "[w]hen parties present to the district court a proposed settlement, the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012) (quoting *Lynn's Food*, 679

F.2d at 1354); *see also Lyons v. Gerhard's Inc.*, No. 14-06693, 2015 WL 4378514, at *3 (E.D. Pa. 2015) (applying *Lynn's Food* standard). The Court determines if the settlement concerns a "bona fide dispute;" if it does, the Court will conduct a two-part fairness inquiry to ensure that (1) the settlement is fair and reasonable for the employee(s), and (2) the agreement furthers the FLSA's implementation in the workplace. *See Howard*, 197 F. Supp. 3d at 777; *McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at *2 (E.D. Pa. 2014).

## IV.   DISCUSSION

Using this framework, the Court analyzes the proposed Settlement Agreement here. The Settlement Agreement is a fair and reasonable compromise of a bona fide dispute and furthers the FLSA's purpose. Therefore, Plaintiff's motion is granted, and the Settlement Agreement is approved.

### A.   The Settlement Resolves a Bona Fide Dispute

"A dispute is 'bona fide' where it involves 'factual issues' rather than 'legal issues such as the statutes coverage and applicability.'" *Howard,* 197 F. Supp. 3d at 777. A proposed settlement resolves a bona fide dispute where the settlement's terms "reflect a reasonable compromise over issues, such as back wages, that are actually in dispute" and are not a "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food,* 679 F.2d at 1355. "[F]or a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus v. PA Fit II, LLC,* 155 F. Supp. 3d 516, 530 (E.D. Pa. Jan. 11, 2016).

The proposed settlement resolves a bona fide dispute. First, the parties disagree as to whether Plaintiff's job duties qualified him for an exemption from overtime work under the FLSA, with Plaintiff asserting that they did not and Defendants denying this assertion. (Compl., ECF No. 1, at ¶¶ 18-28; Answer, ECF No. 7, at ¶¶ 18-28). Second, they differ as to whether Plaintiff worked in excess of 40 hours per week and, if he did, whether Defendants were aware of that fact. (Compl., ECF No. 1, at ¶¶ 29-31; Answer, ECF No. 7, at ¶¶ 29-31). Third, they dispute whether liquidated damages are available to Plaintiff. (Compl., ECF No. 1, at ¶ 44; Answer, ECF No. 7, at ¶ 44). Fourth, the parties take opposing positions on the willfulness of any FLSA violations by Defendants. (Compl., ECF No. 1, at ¶¶ 34, 43; Answer, ECF No. 7, at ¶¶ 34, 43). Accordingly, given that the parties dispute the exempt status of the position and the amount of hours worked, the settlement agreement resolves a bona fide dispute. *E.g.*, *Hall v. Accolade, Inc.,* No. 17-3423, 2020 WL 1477688, at *10 (E.D. Pa. March 25, 2020) (finding a bona fide dispute when the parties disputed the overtime exempt status of a position); *Mabry,* 2015 WL 5025810 at * 2 (finding a bona fide dispute when the parties dispute the amount of overtime hours worked per week).

### B.     The Settlement is Fair and Reasonable

The Court next determines if the Settlement Agreement is fair and reasonable. *Howard*, 197 F. Supp. 3d at 778. In the Third Circuit, a settlement agreement is entitled to a presumption of fairness when it resulted from arm's length negotiations between experienced counsel. *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir.1995)*; In re Linerboard Antitrust Litig.,* 292 F. Supp. 2d. 631, 640 (E.D. Pa.2003); *Galt v. Eagleville Hosp.,* 310 F. Supp. 3d 483, 493 (E.D. Pa. April 19, 2018) (noting there is a presumption of fairness when a settlement results from arm's length negotiations between

`
`

experienced counsel).  The Court finds this Settlement Agreement is entitled to a presumption of fairness because "the Parties engaged in extensive, arms-length settlement negotiations, which included detailed discussions of the merits of Plaintiff's claims and Defendants' anticipated defenses thereto, as well as the extent of Plaintiff's claimed damages."  (Memo. in Supp. of Mot. for Approval of Sett., ECF No. 10-1, at 1).  Further, in the agreement itself the parties "acknowledge and represent that they have had the opportunity to thoroughly discuss all aspects of this Agreement with their attorneys, that they have carefully read and fully understand all the provisions of the Agreement, and that they are voluntarily entering into this Agreement."  (Sett. Agmt. & Release, ECF No. 10-2, at 4).

In regard to the reasonableness of the settlement, "the FLSA contemplates that damages shall include: (1) any unpaid overtime compensation; and (2) in addition, an equal amount as liquidated damages."  *Matson v. SCO, Silver Care Operations, LLC,* 2020 WL 2553856, at *2 (D.N.J. May 20, 2020) (citing 29 U.S.C. § 216(b)).  Here, the parties disagree on the number of hours worked each week by Plaintiff.  (Compl., ECF No. 1, at ¶¶ 29-30; Answer, ECF No. 7, at ¶¶ 29-30).  However, they have agreed that Plaintiff will receive unpaid overtime compensation in a total of $14,424.  (Sett. Agmt. & Release, ECF No. 10-2, at 1).  Furthermore, Plaintiff will also receive an equal amount in liquidated damages.  (*Id.* at 2).

The Court concludes that the compensation terms of the settlement are fair and reasonable.  The Settlement Agreement provides "due compensation for the alleged unpaid overtime work completed by Plaintiff."  *Mabry,* 2015 WL 5025810 at *2.  Defendants shall pay a total of $28,848 to Plaintiff, half of which represents allegedly unpaid overtime compensation, minus appropriate tax withholdings and payroll deductions, and the other half of which represents liquidated damages not subject to withholdings and deductions.  (Sett. Agmt. &

Release, ECF No. 10-2, at 1-2). This settlement is reasonable because, since Defendant continues to deny liability, "resolution of these claims via trial would be expensive and difficult for Plaintiff." *Mabry,* 2015 WL 5025810 at *2. The parties have conducted "detailed discussions" of the claims and defenses, as well as the extent of claimed damages, demonstrating counsel had an appreciation of the merits and risk of proceeding to trial before negotiating the Settlement Agreement. (Memo. in Supp. of Mot. for Approval of Sett., ECF No. 10-1, at 1). In addition, because Defendants did not require Plaintiff to keep time records, it will be difficult to prove at trial the amount of overtime hours Plaintiff worked. (*Id.* at 4). Due to the uncertainty of success faced by Plaintiff if this case proceeds, I conclude the instant Settlement Agreement is reasonable. *E.g.*, *Howard,* 197 F.Supp.3d at 778. ("Therefore, balancing the likelihood of success against the benefit of a certain settlement, a settlement of Plaintiff's FLSA claim is reasonable.").

### C. The Attorneys' Fees are Reasonable

Under the FLSA, the Court "shall, in addition to any judgement awarded to the plaintiff … allow a reasonable attorney's fees to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b). "Courts determine attorney's fees under either the lodestar method or the percentage of recovery method." *Mabry,* 2015 WL 5025810 at *3 (citing *Chickie's & Pete's*, 2014 WL 911718, at *4). "The percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases." *Mabry*, 2015 WL 5025810, at *3 (citing *Keller v. TD Bank, N.A.*, No. 12-5054, 2014 WL 5591033, at *14 (E.D. Pa. Nov. 4, 2014)).

Using the percentage of recovery method, the Court concludes the requested attorney's fees are reasonable. The Settlement Agreement provides Defendant will pay Plaintiff's counsel $16,152 in fees and costs. (Sett. Agmt. & Release, ECF No. 10-2, at 2). The amount of each is

not specified in the agreement, but even if there were no costs to be reimbursed the fee amount represents slightly less than 36 percent of the total recovery, which is a reasonable amount in FLSA cases. *E.g.*, *Mabry*, 2015 WL 5025810, at *4 (collecting cases and noting percentage of recovery "ranges from roughly 20-45%"); *see also Lyons*, 2015 WL 4378514, at *5 (approving of attorney's fees and costs that constituted 44 percent of the total settlement); *Leap v. Yoshida*, 2015 WL 619908, at *4 (approving of attorney's fees that constituted 33 percent of the total settlement). Accordingly, I find that the requested attorney's fees are reasonable.

## V.   CONCLUSION

For the foregoing reasons, I conclude that the Settlement Agreement is a fair and reasonable compromise of a bona fide dispute which furthers the goals of the FLSA. Accordingly, Plaintiff's unopposed motion is granted, and the Settlement Agreement is approved.

BY THE COURT:

   /s/ Lynne A. Sitarski   
LYNNE A. SITARSKI
United States Magistrate Judge